[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal by Beverly M. Brown, D.O. from a decision of the Adjudication Officer of the Department of Health dated June 21, 1990. Jurisdiction in this Court is pursuant to Rhode Island General Laws 1956 (1988 Reenactment) section 42-35-15.
Travel and Facts
This matter originated at the Department of Health on a complaint entitled "Administrative Hearing Notice" filed by the Administrator of the Division of Drug Control, Rhode Island Department of Health (hereinafter "Department") dated August 31, 1989. The Department proposed to revoke the Controlled Substances Registration of Beverly M. Brown, D.O. (hereinafter "Brown") for failing to maintain effective controls against the diversion of controlled substances into non-legitimate channels. The Department also charged that Brown was non-compliant with various statutory mandates pertaining to record-keeping, inventory, branding and storage of controlled substances.
After a hearing, the Adjudication Officer for the Department of Health found Brown guilty of 3 of the 6 specified charges pertaining to record-keeping and inventory.
The hearing officer then imposed a restriction upon Brown's license prohibiting Brown, for a period of one year, from dispensing any controlled substances until she could demonstrate to the Department that she understood and would comply with the statutory scheme.
In her appeal, Brown alleges that the findings, inferences and conclusions of the hearing officer were "clearly erroneous" and that she suffered a denial of due process.
Section 42-35-15 of the R.I. General Laws states in pertinent part:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
It is well settled that the court must not substitute its judgment for that of the agency with regard to the credibility of the witnesses or the weight of the evidence concerning questions of fact. Costa v. Registrar of Motor Vehicles, 543 A.2d 1307
(R.I. 1988). Judicial review of an agency determination is limited to questions of law. The court does not weigh evidence or findings of fact, but merely reviews them to see whether or not they support the agency's decision. St. Pius X Parish Corp. v.Murray, 557 A.2d 1214 (R.I. 1989). The court must uphold the agency decision if it finds any competent evidence to support the agency decision. E. Grossman and Sons, Inc. v. Rocha,118 R.I. 276, 373 A.2d 496 (1977). Alternatively, the court may vacate the agency decision if it is clearly erroneous in view of the reliable, probative, and substantial evidence contained in the whole record. Thus the court will reverse factual findings of an administrative agency only when they are devoid of competent evidentiary support. Milardo v. Coastal Resources ManagementCouncil, 434 A.2d 266, 270 (R.I. 1981).
In this appeal, the issue for this court to consider and resolve is whether or not there is any legally competent evidence in the record to support the decision of the Director of the Department of Health. Blue Cross Blue Shield v. Caldarone,520 A.2d 969, 972 (1982). That decision focuses upon the Director's finding that Brown violated the provisions of Rhode Island General Laws, chapter 21-28 et seq., relating to the maintenance and control of controlled substances in her possession. By enacting chapter 21-28 et seq., the "Uniform Controlled Substances Act", the General Assembly sought to ensure the availability of controlled substances for medical and research purposes while preventing the improper diversion of those drugs.
The plaintiff contends that the record-keeping and inventory provisions of sections 21-28-3.12 and 21-28-3.16 of the General Laws are unduly vague, and the restriction and limitation of her controlled substances registration pursuant to these sections violates her right to due process of law. With respect to record-keeping of controlled substances used in professional practice, R.I.G.L. 1956 (1991 Reenactment) section 21-28-3.12
reads in pertinent part:
 "Every practitioner or other person who is authorized to administer or professionally use controlled substances shall keep a record of controlled substances received by him or her, and a record of all controlled substances administered, dispensed, or professionally used by him or her; other than by prescription." (Emphasis added).
Contrary to plaintiff's contention, the mandatory directives of this statute are clear and unambiguous, and properly impose a duty directly upon the plaintiff, as a practitioner, to comply with the record-keeping provisions. In her memorandum the plaintiff interprets the language of this section to relieve her of her obligation to maintain the required record. The plaintiff misreads the statute as ". . . every practitioner other than
the person who is authorized. . . ." (Plaintiff's Memorandum, p. 5). As previously emphasized, the statute unequivocally applies to "every practitioner or other person who is authorized to administer or professionally use controlled substances." This includes Beverly Brown.
Section 21-28-3.16 clearly delineates the record-keeping requirements referred to in section 21-28-3.12. The section reads as follows:
 (a) . . . The records of controlled substances received shall in every case show the date of receipt, the name and address of the person from whom received, and the kind and quantity of controlled substances received.
 (b) The record of all controlled substances, sold, administered, dispensed, or otherwise disposed of, shall show the date of selling, administering, or dispensing, the name and address of the person to whom, or for whose use, or the owner and species of animal for which the drugs were sold, administered, or dispensed, and the kind and quantity of the controlled substance. Every such record shall be kept for a period of two (2) years from the date of the transaction recorded . . . All persons authorized to handle controlled substances shall conduct an inventory of all controlled substances biannually.
The mandatory language of this statute requires every practitioner (or other person) authorized to administer or professionally use controlled substances to keep such records containing the date of administering, dispensing or sale of drug, name and address of person in receipt of such drug, and the kind and quantity of such drug. The records of these transactions must be kept for two years to meet the statutory requirements. A plain reading of this statute sets forth the mandatory requirements that must be complied with by anyone selling, administering or dispensing controlled substances. "An unconstitutionally vague statute is one compelling a person of average intelligence to guess and to resort to conjecture as to its meaning and/or as to its supposedly mandated application." Trembley v. City ofCentral Falls, 480 A.2d 1359, 1365 (R.I. 1984), (quoting UnitedNuclear Corp. v. Cannon, 553 F. Supp. 1220, 1233 (D.R.I. 1982)). ". . . Where the terms of an ordinance are unambiguous on their face, . . . that ordinance does not violate the due-process clause of the Fourteenth Amendment." Id.
Vagueness in official documents ordinarily constitutes a violation of due process only where the aggrieved party can show that the statute fails to give adequate notice of some duty the government imposes upon him or her. Murray v. Norberg, 423 F. Supp. 795, 801 (D.R.I. 1976). The duties imposed upon the plaintiff by the provisions of the Uniform Controlled Substances Act can be discerned by reading the language of the Act. The facts indicate that the plaintiff was clearly on notice of her duties pursuant to § 21-28-3.12 and § 21-28-3.16 to maintain records of controlled substances in a certain manner, to reportany loss, destruction or theft of controlled substances, to keep records for two years, and to conduct an inventory biannually.
The plaintiff further alleges that the decision of the administrative officer was clearly erroneous where the officer determined that plaintiff failed to maintain records in a form, time and period as required by RIGL § 21-28-3.16(b). As previously stated, if a decision of an administrative agency rests upon competent evidence, this court will not disturb the decision. Sartor v. Coastal Resources Council, 542 A.2d 1077
(1988); E. Grossman and Sons, Inc. v. Rocha, 118 R.I. 276,373 A.2d 496 (1977).
The record of the matter before this Court contains competent evidence to support a finding that Brown failed to conduct an inventory, biannually, of all controlled substances utilized in her practice. The record also contains evidence to support a finding that Brown did not maintain records of controlled substances received and dispensed as required by RIGL §21-28-3.12 and § 21-28-3.16.
The language of the latter provision mandates that all persons authorized to handle controlled substances shall conduct an inventory of all controlled substances biannually. Pursuant to 21 C.F.R. 1304.04(F)(2), inventory and records of controlled substances listed shall be maintained either separately or in such form that the information required is readily retrievable from ordinary business records. In this case, inventory information was neither maintained separately by the plaintiff, nor was it readily retrievable from the ordinary business records of the plaintiff. Evidence presented to the Adjudication Officer demonstrated that no inventories had been conducted by Brown as required by § 21-28-3.16(b); nor did Brown know the procedure by which to conduct an inventory. (Order, p. 6-8). Brown's understanding of an inventory was to take the number of controlled substances purchased, subtract the number on hand from the number purchased and the difference would be number dispensed. Brown did not take into account any loss or theft of controlled substances in her understanding of the inventory process. (Order, p. 7-8).
Evidence before the Adjudication Officer indicates that information to conduct an inventory of Brown's controlled substances would not be readily retrievable from her ordinary business records. Brown's assistance was required to determine which controlled substances had been dispensed. The Adjudication Officer did not err in his finding that Brown neither conducted nor recorded inventories biannually, or in his finding that Brown did not know how to take a proper inventory. (A violation of section 21-28-3.16(b) of the General Laws.)
Evidence before the Adjudication Officer demonstrated Brown's noncompliance with section 21-28-3.16(a)(3) in that a theft occurred at Brown's office in July of 1987. The statute required Brown to immediately report to the Director of Health the kind and quantity of all controlled substances lost, destroyed or stolen, and the date of discovery of such loss. It was shown at the hearing that Brown reported this theft only to the West Warwick Police, and not to the Department of Health. Thus, the Adjudication Officer did not err in his finding that Brown violated section 21-28-3.16(a)(3).
With respect to whether Brown maintained records of controlled substances dispensed in her practice, the Adjudication Officer was presented with sufficient evidence to show that Brown failed to comply with the record-keeping requirements of section21-28-3.16(b). Upon inspection, records of purchase of controlled substances to be used by Brown were not readily retrievable. 21 C.F.R. 1304.04(F)(2). Evidence adduced at hearing showed that Brown made notations of the drugs prescribed on the patient charts. Brown did not list the number of pills dispensed, as required by section 21-28-3.16(b), because when she dispensed certain controlled substances, she did so in lots of twenty one capsules or sixty three capsules. (Order, p. 4). To determine the quantity of pills dispensed, the inspectors were required to ask Brown how many pills went to each patient. As previously stated, because these records were not kept in accordance with the statute, and because the requisite information was not readily retrievable upon inspection, Brown was correctly found to be in violation of section 21-28-3.16(b).
Conclusion
This Court will not deem the provisions of section 21-28 to be unconstitutionally vague or in violation of Brown's due process rights. The duties imposed upon Brown are stated in a clear and unambiguous manner. Furthermore, the Adjudication Officer's decision to restrict plaintiff's license is supported by competent evidence and is not clearly erroneous. The decision of the Adjudication Officer is hereby affirmed. Counsel shall prepare and appropriate order for entry.